UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 2 2005

Michael N. Milby, Clerk of Court

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| VS | § | CIVIL ACTION NO. **B-04-084** |
| **DALIA N. GARZA** | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### BACKGROUND

This action was initiated by the United States of America in an attempt to collect outstanding student loan balances owed to it by Defendant **Dalia N. Garza**. Despite being allowed adequate time in which to file an answer, Defendant has failed to do so. The government now moves for default judgment.

#### STANDARD

*i.   Default Judgment*

When a defendant fails to plead or to otherwise defend in an action brought against it, and a plaintiff certifies this fact by affidavit or otherwise, the clerk must enter the party's default. FED.R.CIV.P. 55(a). The court may then enter default judgment at the request of the plaintiff. FED.R.CIV.P. 55(b)(2).

*ii.   Defaulted Student Loan Action*

To succeed in an action against a borrower who has defaulted on a student loan, the government must show: (1) the borrower is the person who issued note; (2) the government owns the note; and (3) the note is unpaid. *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999). In addition to recovering the unpaid loan, the lender may collect attorney's fees under state and federal law. *Id.* Federal law also allows reasonable administrative and collection costs. *Id.*



## ANALYSIS

The government submitted certificates of indebtedness establishing that Defendant issued the relevant promissory notes, that the government owns the notes, and that as of **April 14, 1999**, the notes were unpaid. *Compl.*, Exhibit A. Thus, the government has established the criteria necessary to succeed in this action. Additionally, Defendant was given proper service, yet did not file an answer. *Summons in a Civil Case*, **May 10, 2004**. The government, after waiting the appropriate amount of time, filed an entry of default with the clerk of this court and now requests that the Court enter judgment. *Entry of Default*, **November 17, 2004**. As such, it is entitled to a default judgment against Defendant and may collect the balance of the outstanding loans. The government also submitted an affidavit detailing the amount of attorney's fees it has paid in this case. *Aff. Of J. Michael Weston in Supp. Of Att'y's Fees* at 1-2. Thus, the government has complied with the requirements mentioned above and may recover those costs as well.

## RECOMMENDATION

For reasons set forth above, Plaintiff's Motion for Default Judgment should be GRANTED. It is, therefore, the opinion of the Court that default judgment should be entered in favor of Plaintiff in the following amounts:

| | | |
|---|---|---|
| 1. | Principal as of April 14, 1999 | $ 2,836.58 |
| 2. | Interest as of April 14, 1999 | $ 1,960.43 |
| 3. | Administrative Fees, Costs, Penalties | $     0.00 |
| 4. | Attorney's Fees | $   900.00 |
| 5. | Pre-Judgment Interest Rate Per annum | 8.41% |
| 6. | Daily Accrual: | $     0.65 |
| 7. | Balance Due After Credits (including attorney's fees) | $ 5,697.01 |
| 8. | Post Judgment Interest equals _____ % per annum | |

**NOTICE TO PARTIES**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2d day of March 2005.

Felix Recio
United States Magistrate Judge